## WONG CHIN PUNG v. UNITED STATES.

### No. 10430.

Circuit Court of Appeals, Ninth Circuit.

April 18, 1944.

John P. Hannon and Leon W. Behrman, both of Portland, Or., for appellant.

Carl C. Donaugh, U. S. Atty., and William H. Hedlund, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a conviction and sentence for assisting in the concealment of smoking opium in violation of § 174, 21 U. S.C.A.,

"If any person fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or assists in so doing or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

Appellant contends that there is no evidence to show that he was in any way assisting in the concealment of the smoking opium.

Appellant was one of three persons apprehended in an opium smoking den in Portland, Oregon, in which den were found large quantities of smoking opium in a desk and concealed in a woodpile. There were three opium smoking bunks or beds in the rooms, in front of each of which were the usual paraphernalia of opium smoking—that is to say, the opium pipe with its clay bowl having an aperture on which the opium prepared in a viscous form is placed and through which the flame of a lamp is drawn by the intake of the breath of the smoker. All three of the lamps were hot and all three of the pipes were warm. In each of the pipes there was opium partially consumed in the above process and known as yen shee.

There was evidence that the appellant, who was standing beside the door when the den was entered, had been in one of the smoking bunks or beds. From this evidence

58

the district judge trying the case, a jury having been waived, could properly infer that appellant had opium in his possession in the den. Hence his conviction was warranted. Appellant made no attempt to explain such possession of the opium.

It further appears that while the appellant was standing by the door, one of the other occupants of the room was on his bunk and another behind a table. That is to say, the appellant was the only person free to operate the mechanism of the entrance to the den and standing alongside that part of the mechanism inside the smoking room.

There was an outer and an inner door to the den. When the officer, a Federal Narcotic Agent, together with an informer came to the outer door, the informer placed a coin between two pieces of metal on the door which completed a current circulation which made a noise inside the den. This door was opened by a rope hanging by the inner door near where appellant was standing. The government operator stooped behind the informer who approached a hole in the thick inner door about an inch in diameter through which the informer was observed by somebody inside, and the door was opened. The district court could infer that appellant was the person operating the two doors by which the opium was made difficult of access and concealed from the authorities.

The district court properly found the appellant guilty. His sentence of three years imprisonment and fine is affirmed.

Affirmed.